# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1174 | **DATE** | 2/28/2013 |
| **CASE TITLE** | Mildred L. Jones vs. Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

Presently before us is Plaintiff Mildred Jones's application to proceed *in forma pauperis* in her lawsuit against Michael J. Astrue, Commissioner of Social Security. 4)We grant Plaintiff's application to proceed *in forma pauperis*. (4). It is so ordered. The Clerk of the Court is directed to issue summons and complaint to plaintiff's counsel for service on defendant. A status hearing is set for 5/2/13 at 10:30 a.m. Plaintiff is to notify the defendant of status date.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Reserved for use by the Court)

## ORDER

Presently before us is Plaintiff Mildred Jones's application to proceed *in forma pauperis* in her lawsuit against Michael J. Astrue, Commissioner of Social Security. Before granting leave to file *in forma pauperis*, we must first determine whether Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of Plaintiff's complaint and dismiss the action if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires "that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Moore v. F.B.I.*, No. 07-1294, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *see also George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007).

In support of her allegation of poverty, Plaintiff submitted the required financial affidavit. She states that she has been unemployed since 2009. (Aff. ¶ 2.) She receives $1348 a month in disability insurance benefits. (*Id.* ¶ 4(f).) She supports her son and daughter, both of whom live with her. (*Id.* ¶ 10.)

The federal poverty guidelines establish different thresholds for indigency based on family size. The threshold for a family of one is $19,530. (*See* Health & Human Services 2012 Poverty Guidelines, *available at* http://aspe.hhs.gov/poverty/13poverty.cfm.) Plaintiff receives approximately $16,100 annually from her disability insurance. Accordingly, Plaintiff's income is under the poverty guideline. We thus find Plaintiff's allegation of poverty to be true.

We must next review the sufficiency of the complaint. Plaintiff alleges that the decision of the Administrative Law Judge to deny her application for disability benefits was contrary to the evidence. (Compl. ¶¶ 4, 7.) She further states that she has exhausted her administrative remedies. (Compl. ¶ 3.) We therefore find that Plaintiff has sufficiently stated a claim to survive this stage of review.

| **STATEMENT** |
|---|
| For the foregoing reasons, we grant Plaintiff's application to proceed *in forma pauperis*. It is so ordered. |